IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN TORRES | : CIVIL ACTION |
| | : |
| v. | : NO.  24-4915 |
| | : |
| PATRICIA THOMPSON, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA | : : : : : |

# MEMORANDUM

**MURPHY, J.**                                                                                                            November 3, 2025

      Juan Torres objects to Magistrate Judge Arteaga's July 23, 2025 report and recommendation that his *habeas corpus* petition be denied as untimely.  He argues that his petition should be accepted as timely because his counsel failed to advise him of his right to a direct appeal and his ability to file a *habeas* petition, he has diligently pursued his rights, and he has recently received evidence that would exonerate him.  Because we agree with Judge Arteaga that Mr. Torres's petition is untimely and that Mr. Torres's petition does not warrant equitable tolling of the one-year statute of limitations, we dismiss Mr. Torres's petition.  But we do so without prejudice to allow Mr. Torres to produce his allegedly exonerating evidence.

    **I.**    **Background[1]**

      In 2016, Mr. Torres pleaded guilty or no contest to charges including robbery, unlawful contact with a minor, and assault on a law enforcement officer.  DI 1 at 24-26; DI 9 at 1-2.  He thereafter received an aggregate sentence of 20-40 years' incarceration on August 29, 2016.  DI

---

[1] Because Mr. Torres did not object to Judge Arteaga's summary of the procedural and factual background related to Mr. Torres' petition, we adopt the background provided in the R&R.

1 at 26; DI 9 at 2. That sentence became final thirty days later on September 28, 2016, when the time allotted to make a direct appeal to the Pennsylvania Superior Court ran out. Pa. R. Crim. P. 720(A)(3); 28 U.S.C. § 2244 (d)(1)(A) (one-year statute of limitations begins to run "by the conclusion of direct review or the expiration of the time for seeking such review.").

On August 3, 2017 — 309 days after Mr. Torres's sentence became final — Mr. Torres filed a *pro se* petition under the Pennsylvania Post Conviction Relief Act (PCRA), arguing that his counsel was ineffective for failing to file a direct appeal at Mr. Torres's request, warranting a new trial. DI 1 at 27; DI 9-1 at 12. Mr. Torres later filed an amended and counseled PCRA petition, which the PCRA court denied on March 10, 2021. DI 1 at 28; DI 9-2. The Pennsylvania Superior Court affirmed the decision of the PCRA court, DI 9-6, and the Pennsylvania Supreme Court declined review on August 17, 2023. DI 1 at 32. Mr. Torres was informed by his PCRA counsel that the Pennsylvania Supreme Court declined his petition on August 21, 2023, but that he could pursue a writ of certiorari with the United States Supreme Court. *Id.* at 60. Mr. Torres thereafter filed a petition for a writ of certiorari in the United States Supreme Court on November 16, 2023. DI 16 at 8, 11.

Nearly eight months later, on July 15, 2024, Mr. Torres filed his *habeas* petition in this court. DI 1 at 19. This case was referred to Magistrate Judge Arteaga for a report and recommendation. DI 4. On July 23, 2025, Judge Arteaga recommended that Mr. Torres's petition be denied with prejudice as untimely. DI 22.

II.     **Standard of Review**

We review *de novo* those portions of the R&R to which Mr. Torres has made specific, timely objections. 28 U.S.C. § 636(b)(1). We are "not required to make any separate findings or

2

conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. Appx. 142, 148 (3d Cir. 2016). But we may "accept, reject, or modify, in whole or in part, the findings or recommendations" and "receive further evidence, or recommit the matter to the magistrate with instructions." *Id.* Given our responsibility to make an informed and final determination, we afford "reasoned consideration of the magistrate's report before adopting it as the decision of the court." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

### III.    Discussion

A *habeas* petition must be filed within 365 days from the time a detainee's convictions become final. 28 U.S.C. § 2244(d)(1). The time during which a state post-conviction petition is pursued does not count against that limit. 28 U.S.C. § 2244(d)(2). But the time used to file a writ of certiorari to the United States Supreme Court does. *Stokes v. District Attorney of County of Philadelphia*, 247 F.3d 539, 543 (3d Cir. 2001). In limited circumstances, a tardy petition may be excused where strict application of the limitation period would be unfair. *D.J.S.-W. BY Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020). A *habeas* petition will not be given such equitable treatment, however, unless the petitioner can show he has been prevented from exercising his rights "'in some extraordinary way" and has "exercised due diligence in pursuing and preserving [his] claim.'" *Id.* (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009)).

Mr. Torres's *habeas* petition is untimely. Of his allotted 365 days, 309 lapsed between September 28, 2016, the time his 30-day window to file a direct appeal expired, and August 3, 2017, when Mr. Torres filed his *pro se* PCRA petition. DI 1 at 27; DI 9-1 at 12. Then, the clock

was paused during the period that Mr. Torres made his PCRA petition and related appeals. 28 U.S.C. § 2244(d)(2). It resumed on Mr. Torres's remaining 56 days on August 17, 2023, when the Pennsylvania Supreme Court declined review of his PCRA petition, and expired on October 12, 2023. DI 1 at 12. Mr. Torres did not file his *habeas* petition until months later on July 15, 2024. DI 1 at 19. Mr. Torres contends that his petition should nonetheless be accepted as timely because he has diligently pursued his rights, was misled by his PCRA counsel, and has received nearly 500 pages of newly discovered evidence that would exonerate him. DI 25 at 4-5.

The issue of Mr. Torres's diligence is a close call. "The diligence required for equitable tolling purposes is reasonable diligence," and not "maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (U.S. 2010) (cleaned up). That requirement extends to a *habeas* petitioner's pursuit of state court remedies. *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). Part of Judge Arteaga's assessment of Mr. Torres's diligence included the fact that after he was notified that no direct appeal had been filed in his case, he "waited another eight months to initiate PCRA proceedings." DI 22 at 9. We hesitate to attribute fault to Mr. Torres's decision to wait until late in the limitations period to file his PCRA petition. *LaCava*, 398 F.3d at 277 (quoting *Valverde v. Stinson*, 224 F.3d 129, 136 (2d Cir. 2000) (noting that a petitioner is not ineligible for equitable tolling for waiting until late in the limitations period to file a *habeas* petition).

But either way, that decision *is* relevant to assessing the reasonableness of Mr. Torres's delay in filing his petition after the Supreme Court of Pennsylvania declined to review his PCRA petition. *Id.* On August 17, 2023, the day of the Pennsylvania Supreme Court's order, Mr. Torres had 56 days remaining under the limitations period to file his *habeas* petition in this court.

4

DI 1 at 12.  Mr. Torres was made aware that the Supreme Court of Pennsylvania denied his petition four days later, on August 21, 2023.  DI 1 at 60.  He alleges that on the final day of the limitations period, October 16, 2023, he wrote a letter to an unidentified public defender about a *habeas* petition and a writ of certiorari to the United States Supreme Court, DI 16 at 7-8, though the record contains no such letter.  Mr. Torres then opted to petition the United States Supreme Court for a writ of certiorari, DI 10 at 8, 11, and did not file his *habeas* petition until July 15, 2024 — 273 days after the expiration of the limitations period.  DI 1 at 19.

      We recognize, as Mr. Torres points out, that a prisoner's incarceration can impact his ability to exercise due diligence.  DI 25 at 4; *Schlueter v. Varner*, 384 F.3d 69, 75 (3d Cir. 2004) (citing *Moore v. Knight*, 368 F.3d 936, 940 (7th Cir. 2004) (recognizing that "physical confinement can limit a litigant's ability to exercise due diligence.")).  But, as Judge Arteaga correctly explains, *habeas* petitions of the sort here do not require legal argument or citation to case law, only that the petitioner "specify all the grounds for relief."  DI 22 at 11; 28 U.S.C. § 2254.  And limited library access is insufficient to support a finding of reasonable diligence.  *See Camps v.* Terra, 2023 WL 8880128, at *3 (compiling cases from within this district "repeatedly denying equitable tolling based solely on library restrictions[.]").  Thus, Mr. Torres's contention that his delay should be excused for his need to research case law and limited library access are unconvincing.  DI 25 at 4.  Accounting for his circumstances, we conclude that in the exercise of reasonable diligence it would not have taken Mr. Torres until nearly eight months after the *habeas* deadline to file his petition.  *LaCava*, 398 F.3d at 277.

      Judge Arteaga also considered Mr. Torres's diligence in pursuing relief in state court.  DI 22 at 7.  There is little question that Mr. Torres was diligent with respect to his PCRA petition:

5

he filed his initial PCRA petition and appealed the dismissal of that petition to the Pennsylvania Superior Court and the Pennsylvania Supreme Court.  DI 1 at 7-8, 12.  But, as Judge Arteaga noted, Mr. Torres did not file a direct appeal of his sentence.  DI 22 at 7.  Mr. Torres's explanation is that his plea counsel did not file a direct appeal despite his request that they do so.  DI 1 at 8.  Both the PCRA court and the Pennsylvania Superior Court were unpersuaded by this argument, concluding that Mr. Torres did not prove that his counsel ever received his requests to make a direct appeal.  DI 9-3; DI 9-6.  Presuming as we must in a *habeas* case that the factual determinations of the state courts are correct, 28 U.S.C. § 2254(e)(1), we agree with Judge Arteaga that Mr. Torres's lack of a direct appeal weighs against a showing of reasonable diligence.

  The existence of extraordinary circumstances presents a clearer question.  Mr. Torres contends that his circumstances are sufficiently extraordinary to merit equitable tolling because he was misled by his PCRA counsel, who told him that he could pursue a writ of certiorari in the United States Supreme Court.  DI 25 at 4.  According to Mr. Torres, he was prejudiced by this information because he spent his time pursuing a writ of certiorari instead of preparing his *haebus* petition.  *Id.*  Such advice from counsel does not amount to the "extraordinary circumstances" that justify equitable tolling.  The information provided by PCRA counsel was not a misrepresentation, let alone intentionally misleading, as a petition to the United States Supreme Court was procedurally proper at that time.  *See* U.S. Sup. Ct. R. 13(1).

  Mr. Torres's PCRA counsel merely informed him that he could file a petition for a writ of certiorari with the United States Supreme Court.  DI 1 at 60.  And even if PCRA counsel did explicitly recommend that Mr. Torres pursue a writ of certiorari instead of filing a *habeas*

6

petition, such advice would not amount to extraordinary circumstances. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (compiling cases and noting that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.").

In addition to his equitable tolling argument, Mr. Torres argues that his petition should overcome the one-year statute of limitations under the actual innocence exception. DI 25 at 4-5. To ensure that innocent persons are not incarcerated in violation of the constitution, "an untimely petition is not barred when a petitioner makes a 'credible showing of actual innocence[.]'" *Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386, 392-93 (2013)). So, Mr. Torres's petition can overcome the one-year statute of limitations if he presents "new, reliable evidence" and shows that given his new evidence, "it is more likely than not that no reasonable juror would have convicted him[.]" *Id.* (cleaned up) (quoting *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010). We hold he does neither.

First, Mr. Torres does not present any evidence, let alone new and reliable evidence. Rather, Mr. Torres makes the conclusory statement that he has discovered "almost 500 pages" of evidence "that was not presented at trial, which if presented to a jury will exonerate him." DI 25 at 4. This is a far cry from the kind of evidence required to satisfy step one of the actual innocence exception to the one-year statute of limitations for *habeas* petitions — Mr. Torres's conclusory statements do not constitute new evidence and are not on their own reliable. *Reeves*, 897 F.3d at 161.

Second, without producing the allegedly exculpatory evidence that Mr. Torres refers to, it is impossible to conclude by a preponderance of the evidence that no reasonable juror would

have convicted Mr. Torres. The actual innocence exception is rarely enforced, and is reserved for those circumstances where there is "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial[.]" *Reeves*, 897 F.3d 154. Conclusory allegations about the effect of one's allegedly newly discovered evidence falls far from the demanding bar for the actual innocence exception to apply. However, because Mr. Torres states that he is trying to procure the funds to make copies so that he may produce the evidence he refers to, DI 25 at 5, we dismiss his petition without prejudice as to the actual innocence exception.

## IV.    Conclusion

Mr. Torres's habeas petition is dismissed without prejudice. Mr. Torres may refile his *habeas* petition within 60 days if accompanied by the allegedly new evidence he believes exonerates him.